GARMIN LTD. and Garmin
Corporation, Plaintiffs,

v.

TOMTOM, INC., Defendant,

TomTom, Inc. and Baldivi B.V.,
Counterplaintiffs,

v.

Garmin Ltd., Garmin Corporation, and
Garmin International, Inc.
Counterdefendants.

Nos. 06–C–0062–C, 06–C–0063–C.

United States District Court,
W.D. Wisconsin.

April 24, 2007.

B. Trent Webb, Shook, Hardy & Bacon, L.L.P., Kansas City, MO, John Scheller, Michael, Best & Friedrich, LLP, Madison, WI, Walter R. Brookhart, Shook, Hardy & Bacon, LLP, Houston, TX, for Plaintiff.

James Alan Friedman, Godfrey & Kahn, S.C., Madison, WI, Fish & Richardson, P.C., Washington, DC, for Defendants.

## OPINION AND ORDER

BARBARA B. CRABB, District Judge.

Plaintiffs Garmin Ltd. and Garmin Corporation seek to reopen these consolidated cases, which were closed on December 28, 2006, after I entered judgment in favor of defendant TomTom, Inc. on the claims brought by Garmin and in favor of Garmin on the counterclaims brought by TomTom. Both the claims and the counterclaims alleged infringement of patents relating to navigational aid devices.

The basis for Garmin's motion is its belief that there remain unresolved claims that were not raised in its motion for summary judgment:

- Claims 1, 5, 6, 9 and 19 of U.S. Patent No. 6,188,956
- Claim 6 of U.S. Patent No. 6,222,485
- Claim 38 of U.S. Patent No. 6,901,330
- Claims 16, 17 and 18 of U.S. Patent No. 6,999,873

As it turns out, TomTom moved for summary judgment on each of these claims. I declined to consider TomTom's arguments because it did not appear that Garmin was alleging infringement of those claims, meaning that there was no actual case or controversy. Because it is now clear that Garmin *was* asserting infringement of those claims and that TomTom had notice of those claims (as evidenced by their inclusion in TomTom's motion for summary judgment), I will grant Garmin's motion to reopen the case.

In addition, Garmin has filed a motion to strike portions of a document filed by TomTom in response to Garmin's motion to reopen the case, in which TomTom made new arguments in support of its motion for summary judgment. Garmin is correct that such argument was not requested by the court and that it was not fair motion practice because Garmin did not have an opportunity to respond. Therefore, I will grant the motion to strike.

However, because TomTom's motion for summary judgment relating to the unresolved patents is fully briefed, I may decide it now without further submissions from the parties. For the reasons explained below, I conclude that TomTom is entitled to summary judgment on each of the remaining claims.

Finally, the parties have pointed out that several of TomTom's claims were omitted from the order of the December 22, 2006 summary judgment opinion, even though I concluded in the body of the opinion that Garmin did not infringe those claims. The order will be amended accordingly.

## I. U.S. PATENT NO. 6,188,956

Invention: A GPS device that selects which roads to display on a screen

Asserted claims: 1, 5, 6 (dependent on claim 5), 9 and 19

Accused devices: Tom Tom Go, TomTom Go 300, TomTom Go 510, TomTom Go 700, TomTom 910, TomTom Rider, TomTom One (infringement under 35 U.S.C. § 271(a)); TomTom Navigator 5, TomTom Navigator 6 (infringement under 35 U.S.C. § 271(b) and (c))

### UNDISPUTED FACTS

#### A. *The Claims*

Claim 1 discloses:

1. A navigation device for navigating a vehicle on a thoroughfare, said device comprising:

a memory containing cartographic data indicative of a plurality of thoroughfares, including said thoroughfare upon which said vehicle is being navigated, wherein at least one of said thoroughfares intersects said thoroughfare upon which said vehicle is being navigated, and wherein each of said thoroughfares has an associated name stored in memory;

a processor connected to said memory;

and a display, connected to said processor, for displaying said cartographic data, wherein said display displays the name of each of said thoroughfares that intersects with said thoroughfare upon which said vehicle is being navigated, but does not display the name associated with said thoroughfare upon which said vehicle is being navigated.

Claim 5 discloses:

A navigation device, for navigating a vehicle on a thoroughfare, said device comprising:

a memory containing cartographic data indicative of a plurality of thoroughfares, including said thoroughfare on which said vehicle is being navigated, wherein each said thoroughfare has an associated name stored in said memory, and wherein a first set of said thorough-

fares are generally aligned in a first direction, and a second set of said thoroughfares are generally aligned in a second direction;

a processor for retrieving at least a portion of said cartographic data from said memory;

and a display, connected to said processor, wherein said display displays images indicative of said thoroughfares and displays the names of each thoroughfare in a selected one of said sets of thoroughfares.

Claim 6 discloses:

The navigation device as set forth in claim 5, wherein each said thoroughfare in said first set of thoroughfares intersects said thoroughfare upon which said vehicle is being navigated, and wherein said selected one of said sets is said first set.

Claim 9 discloses:

A navigation device for navigating a vehicle on a thoroughfare, said device comprising:

a memory containing cartographic data indicative of a plurality of thoroughfares, including said thoroughfare upon which said vehicle is being navigated, wherein a first set of said thoroughfares intersects with the thoroughfare upon which said vehicle is being navigated, and a second set of thoroughfares do not intersect with the thoroughfare upon which said vehicle is being navigated, wherein each said thoroughfare has an associated name stored in said memory;

a processor connected to said memory;

and a display, connected to said processor, for displaying said cartographic data, wherein said display displays the name of each said thoroughfare in said first set, but does not display the name associated with the thoroughfares in said second set.

Claim 19 discloses:

A navigation device for navigating a vehicle on a thoroughfare, said device comprising:

a memory containing cartographic data indicative of a plurality of thoroughfares, including said thoroughfare upon which said vehicle is being navigated, wherein at least one of said thoroughfares intersects with said thoroughfare upon which said vehicle is being navigated, and wherein each of said thoroughfares has an associated name stored in memory;

a processor connected to said memory;

and a display, connected to said processor, for displaying said cartographic data, wherein said display displays the name of each of said thoroughfares that intersects with said thoroughfare upon which said vehicle is being navigated, but does not display the name associated with thoroughfares that do not intersect the thoroughfare upon which said vehicle is being navigated.

## B. *Operation of the Accused Devices*

The accused devices label the name of a road when the following conditions are satisfied: (a) the road is connected to the one being navigated; (b) a section of the road is "sufficiently horizontal" in the current screen; (c) the road does not overlap a previous name; and (d) the road does not overlap an instruction area arrow. The Navigator 5 and Navigator 6 are exceptions to this rule because they are software products and do not include a display.

The Navigator 5 and Navigator 6 are intended to be installed and used on a PDA. TomTom sells the Navigator 5 and Navigator 6 software to consumers with instructions to combine the software with a PDA or mobile phone. When these products are used with a PDA, they operate in the same manner as the other accused devices.

## C. *Prior Art*

The Etak Navigator is an electronic navigation device for use in vehicles. It was available for sale in the United States beginning in 1985; the application for the '956 patent was filed in 1998. The Etak Navigator displays the names of roads that are oriented in a direction other than the direction of the road on which the vehicle is traveling:

Fig. 14 [TOM 0066406].

Fig. 15 [TOM 0066414].

Fig. 16 [TOM 0066409].

OPINION

A. *Anticipation*

With respect to each of the remaining asserted claims in the '956 patent, the parties focus on the element relating to which roads are labeled and which are not:

- the invention in claim 1 displays the name of each road that intersects with the road being navigated; it does not display the name of the road being navigated;

• the invention in claims 5 and 6 displays the names of roads oriented in one direction but not another (the claims do not specify which direction is labeled and which is not);

• the invention in claim 9 displays the names of each road intersecting with the road being navigated; it does not display the names of roads that do not intersect with the road being navigated;

• the invention in claim 19 displays the name of each road intersecting with the road being navigated; it does not display the names of roads that do not intersect with the road being navigated.

TomTom's main argument is that each of these claims was anticipated by the Etak Navigator. In the December 22 opinion and order, I agreed with TomTom that the Etak Navigator anticipated claim 15 of the '956 patent. As with claims 1, 5–6, 9 and 19, the focus of the dispute in claim 15 was an element having to do with road alignment: "said display displays the name of selected thoroughfares that are oriented in a direction other than the direction said vehicle is being navigated."

The parties' arguments regarding claim 15 were almost identical to those they make with respect to claims 1, 5–6, 9 and 19. Garmin argues that Etak uses a different "priority algorithm" from the invention disclosed in the '956 claims and, more generally, that Etak does not use the concept of road alignment to determine which roads to label. TomTom relies primarily on the screen shots it provides of the Etak Navigator, which display the names of the roads that intersect and are oriented perpendicularly to the road being navigated, but do not display the name of the navigated road itself.

With respect to claim 15, I found the screen shots dispositive because that claim was worded so broadly. Claim 15 extends to any device that displays the names of some roads that are not parallel to the navigated road. As I noted in the December 22 order, this is an important aspect of the claim:

Garmin's argument [that there is no anticipation because the Etak Navigator uses a different priority algorithm] would be much stronger if claim 15 included a limitation that the device would not display a road's name unless the road was oriented in a different direction or, in other words, if it *prohibited* the labeling of other types of roads. If the patented device displayed *only* those roads that are oriented in a different direction, it would follow that the disclosed invention must have a method for determining how the road was oriented before labeling it. However, as plaintiff argued and I agreed with respect to the issue of infringement, claim 15 includes no such limitation. Thus, it makes no difference why the device labels those roads, so long as they are labeled.

December 22 Op. and Order, dkt. # 149, at 17.

Unlike claim 15, claims 1, 5–6, 9 and 19 *do* prohibit certain roads from being labeled (usually the road being navigated or roads that do not intersect with that road), as well as require other roads to be labeled (usually those roads intersecting with or perpendicular to the road being navigated). Thus, it follows that the disclosed invention in those claims "must have a method for determining how the road was oriented before labeling it." *Id.* This is important because if the claims employ a particular method for determining which roads to display, TomTom must show that the Etak Navigator uses that method.

TomTom has failed to do that. The screen shots show that the Etak Navigator sometimes labels roads that intersect with or are perpendicular to the navigated road and that sometimes it does not display the

road being navigated or roads that do not intersect with that road. TomTom argues that this is sufficient to prove anticipation as a matter of law, citing *Hewlett–Packard Co. v. Mustek Systems, Inc.,* 340 F.3d 1314, 1326 (Fed.Cir.2003), for the proposition that "a prior art product that sometimes, but not always, embodies a claimed method nonetheless teaches that aspect of the invention."

The key phrase in the cited passage is "claimed *method.*" TomTom's evidence shows that the Etak Navigator sometimes produces the same *result* as the disclosed devices, but it does not show that Etak used the same *method.* To show anticipation under the theory in *Hewlett–Packard,* TomTom must show that the Etak Navigator sometimes *requires* the labeling of particular roads because of their alignment and *prohibits* the labeling of roads aligned differently. The only evidence TomTom cites on this issue (in its brief rather than its proposed findings of fact) is testimony from the Etak Navigator's co-designer that the device can "prioritize the streets" and that "there are lots of different ways that you could prioritize the streets." Dep. of Zavoli, dkt. # 87, at 98. None of the testimony TomTom cites suggests that the Etak Navigator prohibits or requires the labeling of streets in the manner that claims 1, 5–6, 9 and 19 of the '956 patent do. Accordingly, I conclude that TomTom has failed to show as a matter of law that the Etak Navigator anticipated these claims.

### B. *Infringement*

■ Although TomTom devotes most of its argument to invalidity, it argues in the alternative that if the claims in the '956 patent are valid, it must follow that its products do not infringe those claims. I agree.

I concluded above that TomTom was not entitled to summary judgment on the issue whether the Etak Navigator anticipated the asserted claims in the '956 patent because TomTom did not show that the Etak Navigator prohibited or required the labeling of roads in the same manner as claims 1, 5–6, 9 and 19. The same may be said of the accused devices. The undisputed facts show that the accused devices label the road when four conditions are satisfied: (a) the road is connected to the one being navigated; (b) a section of the road is "sufficiently horizontal" in the current screen; (c) the road does not overlap a previous name; and (d) the road does not overlap an instruction area arrow. Thus, the accused products do not require the labeling of each road that intersects with the road being navigated (as do claims 1, 9 and 19) or of all the roads that are oriented in a particular direction (as do claims 5 and 6).

Although it may be true that the accused products lead to the same results as the asserted claims in some instances, as noted above, generating the same result does not mean that the accused products embody the claim itself. Further, because TomTom's products operate in such a different manner, they cannot infringe the asserted claims under the doctrine of equivalents either. *Warner–Jenkinson Co., Inc. v. Hilton Davis Chemical Co.,* 520 U.S. 17, 40, 117 S.Ct. 1040, 137 L.Ed.2d 146 (1997) (test under doctrine of equivalents is whether accused device has equivalent function, works in equivalent way *and* has equivalent result). Accordingly, I conclude that TomTom is entitled to summary judgment with respect to claims 1, 5, 6, 9 and 19 of the '956 patent.

### II. U.S. PATENT NO. 6,222,485

| | |
|---|---|
| Invention: | A GPS device that orients the display on the basis of the current direction of travel, among other things |
| Asserted claim: | 6 |
| Accused devices: | TomTom Go 300, TomTom Go 510, TomTom Go 700, TomTom 910, |

TomTom Rider, TomTom One (infringement under 35 U.S.C. § 271(a)); TomTom Navigator 5, TomTom Navigator 6 (infringement under 35 U.S.C. § 271(b) and (c))

## UNDISPUTED FACTS

### A. *The Claim*

Claim 6 discloses:

An electronic map orientation method for a portable navigation device in a vehicle having a processor, a memory having cartographic data that includes one or more thoroughfares, and a display, the method comprising:

obtaining a current location of said vehicle;

determining a direction of travel of said vehicle;

retrieving data corresponding to a direction of one of said one or more thoroughfares corresponding to said current vehicle location, wherein said direction of said one of said one or more thoroughfares is determined from said cartographic data;

and establishing an orientation of said display, based upon said retrieved data, corresponding to the direction of said one of said one or more thoroughfares.

### B. *Operation of the Accused Devices*

The accused devices receive the current vehicle location, current vehicle heading and current vehicle speed from the GPS signal each second. Upon receiving the current vehicle location from the GPS signal, the products estimate a future location of the vehicle and the orientation of the road at that location. Using the direction of the road at this estimated position, the current vehicle heading and the current vehicle speed, the accused devices generate a heading for the display, such as "East." However, the accused devices do not display this future orientation immediately, but wait until the moment that the device has predicted the vehicle would reach that location. In other words, the direction of the road is calculated ahead of the vehicle, in the hope that the vehicle will be at that projected location at the time the device orients the screen. However, the accused devices do not determine whether the predicted location later matches the actual current location. In orienting the display, the devices rely solely on the estimate.

## OPINION

■ In the December 22 opinion and order, I concluded that claim 1 of the '485 patent included a limitation that the invention determined the direction of the road at the vehicle's current location. In addition, I concluded that TomTom's devices do not include this limitation, either literally or under the doctrine of equivalents, because its products all determine the direction of the road at a predicted *future* location. Dkt. # 149 at 22–25.

Claim 6 of the '485 patent includes the same "current location" limitation as claim 1. Both sides discussed claims 1 and 6 as a unit in their summary judgment briefs. Accordingly, I conclude that TomTom's products do not infringe claim 6 of the '485 patent.

### III. U.S. PATENT NO. 6,999,873

Invention: A GPS device that calculates a new route when original route is unavailable; user inputs the portion of the original route that should be avoided

Asserted claims: 16–18

Accused devices: TomTom Go 300, TomTom Go 510, TomTom Go 700, TomTom 910, TomTom Rider, TomTom One (infringement under 35 U.S.C. § 271(a)); TomTom Navigator 5, TomTom Navigator 6 (infringement under 35 U.S.C. § 271(b) and (c))

## UNDISPUTED FACTS

### A. *The Claims*

Claim 16 discloses:

The device of claim 10, wherein the device is adapted to calculate a new

route using received data relating to one or more thoroughfares in the route.

Claim 17 discloses:

The device of claim 16, wherein the received data relating to one or more thoroughfares in the route includes a data relating to the group consisting of a thoroughfare name and thoroughfare type.

Claim 18 discloses:

The device of claim 10, where in the device is adapted to calculate a new route using received data relating to one or more sections in the route.

## B. *Prior Art*

The Visteon NavMate 2.0 navigation system includes a computer with a CD–ROM drive, an external GPS antenna to be mounted on the roof of the vehicle and a display unit to be mounted. It receives power from the vehicle when the ignition is on and from an internal battery when the ignition is off.

Visteon began selling, offering for sale, and disclosing to the public the NavMate 2.0 navigation system in 1999; the application for the '615 patent was filed on December 21, 2001.

## OPINION

Again, the conclusion regarding the unresolved claims for this patent is controlled by the December 22 opinion and order, in which I concluded that claim 10 is invalid because it was anticipated by the Visteon NavMate 2.0. The sole difference asserted by Garmin between the Navmate and the device disclosed in the claims 16, 17 and 18 is that the NavMate is not a "device" within the meaning of the '873 patent. However, this is the same argument I rejected with respect to claim 10. Accordingly, I conclude as a matter of law that claims 16, 17 and 18 are invalid as anticipated by the Visteon NavMate 2.0

## IV. U.S. PATENT NO. 6,901,330

| | |
|---|---|
| Invention: | A GPS device that provides voice guidance when the user requests it |
| Asserted claims: | 38 |
| Accused devices: | Tom Tom Go, TomTom Go 300, TomTom Go 510, TomTom Go 700, TomTom 910, TomTom Rider, TomTom One (infringement under 35 U.S.C. § 271(a)); TomTom Navigator 5, TomTom Navigator 6 (infringement under 35 U.S.C. § 271(b) and (c)) |

## UNDISPUTED FACTS

### A. *The Claims*

Claim 24 discloses:

A navigation aid method for negotiating decision points in a route using a navigation device, comprising: determining a current travel speed and a current position for the navigation device; determining whether the navigation device is approaching a decision point in the route; and providing voice guidance to navigate the decision point, wherein timing of the voice guidance is based on the current travel speed and the current position.

Claim 38 discloses:

The method of claim 24, wherein providing voice guidance to navigate the decision point includes providing an initial voice guidance, an advance voice guidance, and a confirmation voice guidance, wherein the initial voice guidance, the advance voice guidance and the confirmation voice guidance provide different prompts to provide specific guidance when the decision point is within an initial guidance range, within an advance guidance range, and within a confirmation voice guidance range.

### B. *Prior Art*

In *Vehicle Location and Navigation Systems* (1997) Yilin Zhao wrote:

Many of these message announcement (maneuver) timing proposals are based on experience gained from actual road

guidance systems. From these proposals, we can see that these maneuver timing proposals depend on the road type and distance to or after the maneuver. This implies that the road type, intersection type, travel speed and distance, and number of lanes are important factors to be considered when designing the maneuver timing of a route guidance module.

## OPINION

■ In the December 22 order, I concluded that a textbook written by Yilin Zhao in 1997, *Vehicle Location and Navigation Systems,* anticipated claims 9, 10 and 11 of the '330 patent. TomTom argues that the same reference anticipated claim 38 as well.

The dispute surrounding this claim does not involve an element of claim 38, but of claim 24, on which claim 38 depends. The question is whether Zhao disclosed "timing of the voice guidance" that "is based on the current travel speed." Garmin says that it does not because Zhao's discussion of the timing of voice guidance is limited to the use of "road type and distance to or after the maneuver." But in the very next sentence, Zhao states that "road type, intersection type, *travel speed* and distance, and number of lanes are important factors to be considered when designing the maneuver timing of a route-guidance module." Garmin fails to explain why this reference does not anticipate claim 38. Zhao established that travel speed is an "important factor" in determining the timing of voice guidance. Claim 38 does not require that travel speed be the *only* factor used in making this determination. Accordingly, I conclude that claim 38 is invalid because it was anticipated by the Zhao textbook.

## ORDER

IT IS ORDERED that

1. The motion of plaintiffs Garmin Ltd. and Garmin Corporation to reopen the case is GRANTED and the judgment entered on December 28 is VACATED.

2. Garmin's motion to strike the portions of defendant TomTom's response (dkt.# 160), raising new arguments is GRANTED.

3. The December 22, 2006 opinion and order is AMENDED to state that summary judgment is GRANTED to Garmin Ltd., Garmin International and Garmin Corporation on TomTom, Inc.'s and Baldivi B.V.'s claims that:

(a) the StreetPilot III, StreetPilot 2610, StreetPilot 2620, StreetPilot 2650, StreetPilot 2660, StreetPilot 2720, StreetPilot 2730, StreetPilot 2820, StreetPilot 7200, StreetPilot 7500, StreetPilot c310, StreetPilot c320, StreetPilot c330, StreetPilotc340, StreetPilot c510, StreetPilot c530, StreetPilot c550, StreetPilot i2, StreetPilot i3, StreetPilot i5, nüvi 300, nüvi 310, nüvi 350, nüvi 360. nüvi 610, nüvi 660, Quest, Quest 2, cfQue 1620, GPS 18, iQue 3000, iQue 3200, iQue 3600, iQueM3, iQueM4, iQueM5, GPSMAP 60, GPSMAP 60C, GPSMAP 60CS, GPSMAP 76C, GPSMAP 76CS, GPSMAP 60Cx, GPSMAP 60 Csx, GPSMAP 76Cx, GPSMAP 76CSx, GPSMAP 276C, GPSMAP 376C, GPSMAP 378, GPSMAP 478, eTrex Venture Cx, eTrex Legend C, eTrex Legend Cx, eTrex Vista C, eTrex Vista Cx, Rino 520, Rino 530, Mobile, Mobile 20, and zumo 550, GPS V infringed claims 1–2 and 5–7 of U.S. Patent No. 5,550,538 because those devices do not infringe this claim;

(b) the StreetPilot III, StreetPilot 2610, StreetPilot 2620, StreetPilot 2650, StreetPilot 2660, StreetPilot 2720, StreetPilot 2730, StreetPilot 2820, StreetPilot 7200, StreetPilot 7500, StreetPilot c310, StreetPilot c320,

StreetPilot c330, StreetPilot c340, StreetPilot c510, StreetPilot c. 530, StreetPilot c550, StreetPilot i2, StreetPilot i3, StreetPilot i5, nüvi 300, nüvi 310, nüvi 350, nüvi 360. nüvi 610, nüvi 660, Quest, Quest 2, GPS V, cfQue 1620, GPS 18, iQue 3000, iQue 3200, iQue 3600, iQueM3, iQueM4, iQueM5, GPSMAP 60, GPSMAP 60C, GPSMAP 60CS, GPSMAP 76C, GPSMAP 76CS, GPSMAP 60Cx, GPSMAP 60 Csx, GPSMAP 76Cx, GPSMAP 76CSx, GPSMAP 276C, GPSMAP 376C, GPSMAP 378, GPSMAP478, eTrex Venture Cx, eTrex Legend C, eTrex Legend Cx, eTrex Vista C, eTrex Vista Cx, Rino 520, Rino 530, Mobile 20, and zumo 550, Rino 110, Rino 120, Rino 130, GPS 60 and eMap products infringed claims 1, 3, 5, 8, 9, 11, 12, 13 and 14 of U.S. Patent No. 5,291,412 because those devices do not infringe these claims.

(c) the StreetPilot III, StreetPilot 2610, StreetPilot 2620, StreetPilot 2650, StreetPilot 2660, StreetPilot 2720, StreetPilot 2730, StreetPilot 2820, StreetPilot 7200, StreetPilot 7500, StreetPilot c310, StreetPilot c320, StreetPilot c330, StreetPilot c340, StreetPilot c510, StreetPilot c. 530, StreetPilot c550, StreetPilot i2, StreetPilot i3, StreetPilot i5, nüvi 300, nüvi 310, nüvi 350, nüvi 360. nüvi 610, nüvi 660, Quest, Quest 2, GPS V, cfQue 1620, GPS 18, iQue 3000, iQue 3200, iQue 3600, iQueM3, iQueM4, iQueM5, GPSMAP 60, GPSMAP 60C, GPSMAP 60CS, GPSMAP 76C, GPSMAP 76CS, GPSMAP 60Cx, GPSMAP 60 Csx, GPSMAP 76Cx, GPSMAP 76CSx, GPSMAP 276C, GPSMAP 376C, GPSMAP 378, GPSMAP478, eTrex Venture Cx, eTrex Legend C, eTrex Legend Cx, eTrex Vista C, eTrex Vista Cx, Rino 520, Rino 530, Mobile 20, and zumo 550, Rino 110, Rino 120, Rino 130, GPS 60 and eMap products infringed claims 1, 2–6, 11–16, 22–23 and 25–32 of U.S. Patent No. 5,922,042 because those devices do not infringe those claims.

4. The December 22 order is AMENDED to state that summary judgment is GRANTED to defendant TomTom, Inc. on plaintiffs' claims that:

(a) the Tom Tom Go, TomTom Go 300, TomTom Go 510, TomTom Go 700, TomTom 910, TomTom Rider, TomTom One, TomTom Navigator 5, and TomTom Navigator 6 infringed claim 15 of U.S. Patent No. 6,188,956 because that claim is invalid under 35 U.S.C. § 102(b), as anticipated by the prior art;

(b) the Tom Tom Go, TomTom Go 300, TomTom Go 510, TomTom Go 700, TomTom 910, TomTom Rider, TomTom One, TomTom Navigator 5, and TomTom Navigator 6 infringed claims 1, 5, 6, 9 and 19 of U.S. Patent No. 6,188,956 because the accused products do not infringe those claims.

(c) the TomTom Go 300, TomTom Go 510, TomTom Go 700, TomTom 910, TomTom Rider, TomTom One, TomTom Navigator 5, and TomTom Navigator 6 infringed claims 1 and 6 of U.S. Patent No. 6,222,485 because those devices do not infringe those claims;

(d) the Tom Tom Go, TomTom Go 300, TomTom Go 510, TomTom Go 700, TomTom 910, TomTom Rider, TomTom One, TomTom Navigator 5 and TomTom Navigator 6 infringed claim 9 of U.S. Patent No. 6, 687,615 because those devices do not infringe that claim;

(e) the Tom Tom Go, TomTom Go 300, TomTom Go 510, TomTom Go 700, TomTom 910, TomTom Rider, TomTom One, TomTom Navigator 5 and TomTom Navigator 6 infringed claims 1, 7–9 of U.S. Patent No. 6,999,873 because those devices do not infringe those claims;

(f) the Tom Tom Go, TomTom Go 300, TomTom Go 510, TomTom Go 700, TomTom 910, TomTom Rider, TomTom One,

TomTom Navigator 5 and TomTom Navigator 6 infringed claims 10, 16, 17, and 18 of U.S. Patent No. 6,999,873 because those claims are invalid under 35 U.S.C. § 102(b), as anticipated by the prior art;

(g) the Tom Tom Go, TomTom Go 300, TomTom Go 510, TomTom Go 700, TomTom 910, TomTom Rider and TomTom One infringed claims 9 and 38 of U.S. Patent No. 6,901,330 because those claims are invalid under 35 U.S.C. § 102(b), as anticipated by the prior art;

(g) the TomTom Navigator 5 and TomTom Navigator 6 infringed claim 10 of U.S. Patent No. 6,901,330 because that claim is invalid under 35 U.S.C. § 102(b), as anticipated by the prior art;

(h) the TomTom Go 300, TomTom Go 510, TomTom Go 700, TomTom 910, TomTom Rider and TomTom One infringed claim 11 of U.S. Patent No. 6,901,330 because that claim is invalid under 35 U.S.C. § 102(b), as anticipated by the prior art.

5. The clerk is directed to enter judgment accordingly and close the cases.